JAIME MIRÓ BARNECET, Plaintiff and Appellee, v. F. CARRERA & HERMANO, Defendant and Appellant.

No. 5443. Argued April 22, 1931.—Decided April 29, 1931.

O. Souffront for appellant. E. Báez García for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Jaime Miró Barnecet and his wife built a small house and lived in it for several years after their marriage. The house was worth something less than five hundred dollars. The land upon which it stood was held under a lease.

After suffering for several weeks from an attack of malaria Miró, on the advise of his physician, rented another house and let his own to one Efret. Two months later he

returned to his home where he continued to live with his family.

During Miro's temporary absence, a few days before his return, F. Carrera y Hermano brought an action on an account for groceries, and attached the house. When the summons and notice of attachment was served on Miró he was again living in his own house, which had been vacated by Efret. Later Miró brought this action to establish his right to exemption from execution under the Homestead Law, and obtained a judgment.

Section 1 of the Homestead Law (Comp. St. 1911, sec. 1000) reads as follows:

"That every householder, having a family, shall be entitled to an estate of homestead to the extent and value of five hundred dollars in a farm, plantation or lot of land, and buildings thereon, owned, or lawfully possessed, by lease or otherwise, and occupied by him or her, as a residence, and such homestead and all right and title therein, shall be exempt from attachment, judgment, levy or execution, except for the taxes due thereon, or purchase price of said property, or liability incurred for the improvements placed thereon, and except as hereinafter prescribed; *Provided*, that in the case of a lease or other similar contract nothing herein contained shall be construed to prohibit the landlord or owner of the said farm, plantation or lot of land and the buildings thereon from reentering the said premises in accordance with the terms of the said lease and contract upon a breach of the conditions thereof."

The fact that the house in question stood upon leased land did not divest the property of its character as a homestead. The leasehold itself, as well as the house, was exempt. Neither Miró's temporary involuntary absence extending over a period of two months for the purpose of regaining his health, nor the letting of his home during that time amounted to an abandonment. His intention to return was sufficiently shown by the reason for his removal, by the short duration of his absence, and by the fact that he did return before he had any actual notice of the action brought against him.

There was no abuse of discretion in awarding costs to plaintiff. The case of *Nadal* v. *Heirs of Beauchamps*, 39 P. R.R. 265, relied upon by appellant, is not in point.

The judgment appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.